1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10   DANNY ANGELO LUNA,                    Case No. 2:22-cv-02627-JWH (GJS)

11              Petitioner

12        v.                               ORDER DISMISSING PETITION
                                           WITHOUT PREJUDICE
13   J. ENGLEMAN, Warden,

14              Respondent.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Petitioner is a federal prisoner currently incarcerated within this District at FCI-Terminal Island.  The Clerk's Office received a putative 28 U.S.C. § 2241 petition from him on April 20, 2022, which thereafter was filed and assigned to the undersigned (Dkt. 1, "Petition").  The Court has screened the Petition[1] and considered Petitioner's allegations and claims carefully.  Based on its review, the Court concludes that summary dismissal of this action, without prejudice, is required, for the reasons below.

## BACKGROUND

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the federal dockets and filings available through the PACER system.  These records show that in Case No. 1:167-cr-00201-DAD-BLM in the United States District Court for the Eastern District of California (the "Sentencing Court"), Petitioner was charged with multiple drug violation counts.  Following a guilty plea to two counts, on October 11, 2018, Petitioner was convicted and sentenced to 157 months in state prison.

Petitioner did not appeal the above conviction or sentence.  On February 7, 2022, he filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in the Sentencing Court.  The motion is on a check the box form, but Petitioner did handwrite in, as the basis for his request, that he is extremely overweight, is diabetic, has high blood pressure, has PTSD, is not receiving any

---

[1]    Habeas petitions brought pursuant to Section 2241 may be subjected to the same screening requirements that apply to habeas petitions brought pursuant to 28 U.S.C. § 2254.  *See* Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (a district court may "apply any or all of these rules" to any habeas petition, and mandating that a district court dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4); Local Rule 72-3.2 (authorizing magistrate judge to prepare for district judge proposed order for summary dismissal and proposed judgment if it plainly appears from the face of the habeas petition that the petitioner is not entitled to relief).

medical or mental health treatment, and is not receiving any treatment for his long term Covid infection.  The compassionate release motion is pending before the Sentencing Court, and Petitioner has been appointed counsel in connection with that motion.

According to the Federal Bureau of Prisons ("BOP") website, Petitioner is 36 years old and his projected release date is January 26, 2028.

## PETITIONER'S CLAIM

The Petition seeks Petitioner's immediate release from custody based on the Covid pandemic.  Petitioner states that he is challenging the "fact of confinement," and not the conditions of his confinement.  He asserts that his continued incarceration violates the Fifth and Eighth Amendments, because there are no conditions of confinement that would be constitutionally sufficient to keep him safe from harm in light of the Covid pandemic.

The Petition's allegations are not made under penalty of perjury, and thus, there is no competent evidence of the matters Petitioner alleges.  He does not contend, in the Petition, that he personally is at high risk from Covid or suffers from any co-morbidities, but as noted above, he has made such an allegation in his pending compassionate release motion.  Petitioner alleges that FCI-Terminal Island houses 870 inmates in seven dorm style units, and that the warden has stated that 200 more inmates will be received.  He alleges that inmates sleep in bunk beds within three feet of each other and that there is no air filtering or air conditioning system in place, only windows and fans.  Petitioner alleges that in the dining hall, tables are one foot apart from each other and all four fixed seats are occupied. Petitioner contends that this situation constitutes overcrowding.

In addition, Petitioner alleges that the BOP, as a general policy, seeks to encourage the development of herd immunity by housing inmates infected with

3

1  Covid with those who are not infected.  He alleges that this practice started at FCI-
2  Terminal Island in 2020, and has continued since then.

3  Further, Petitioner alleges that BOP officials in general are only 69.4%
4  vaccinated and that unvaccinated BOP staff have not been removed.  He alleges that
5  BOP prison officials do not wear masks and that a mask mandate for BOP
6  employees is not enforced.  Petitioner alleges that the masks provided to inmates are
7  inadequate and do not provide protection.  He alleges that FCI-Terminal Island
8  stopped performing Covid tests during last year's Omicron variant wave and under-
9  reports Covid positive case numbers.

10  ### DISCUSSION

11  Federal courts have an independent obligation to examine their own
12  jurisdiction and may not entertain an action in which jurisdiction is lacking.
13  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).  A Section 2241 habeas
14  petition may be filed by a federal prisoner to attack the "execution of his sentence,"
15  but not to attack its validity.  *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004);
16  *Hernandez*, 204 F.3d at 864.

17  As a threshold matter, the Court notes that there is no evidence before it that
18  Petitioner has attempted to exercise his administrative remedies with respect to the
19  matters raised by the Petition.  For federal prisoners such as Petitioner, the BOP has
20  in place an administrative remedy procedure by which inmates can seek formal
21  review of their complaints regarding any aspect of imprisonment through the
22  submission of a specified series of administrative remedy requests and forms
23  upward through the "final administrative appeal" that renders a claim
24  administratively exhausted.  *See* 28 C.F.R. §§ 542.10, 542.13-542.15; *Nigro v.*
25  *Sullivan*, 40 F.3d 990, 992 (9th Cir. 1994).

26  While Section 2241 does not contain an exhaustion requirement, and thus,
27  exhaustion is not a jurisdictional prerequisite, for prudential reasons, federal courts
28

4

require Section 2241 petitioners to exhaust their administrative remedies prior to seeking habeas relief.  *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990); *see also Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011); and *Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004).  Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings."  *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (*per curiam*).  Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP.  *Martinez v. Roberts*, 804 F.3d 570, 571 (9th Cir. 1986) (*per curiam*).

Even if Petitioner's complaints were cognizable under Section 2241, his apparent failure to exhaust them could serve as a basis for dismissing this action.  The Court, however, declines to rest dismissal on that basis, because there is a more compelling reason why the Petition should be dismissed, namely that the complaints alleged are not cognizable under Section 2241.

As noted earlier, a Section 2241 habeas corpus petition is a vehicle for a federal prisoner's challenge to the execution of his sentence.  *Hernandez*, 204 F.3d at 864.  Challenges to a prisoner's conditions of confinement, however, must be brought through a civil rights action, rather than through a habeas corpus petition.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("[a]n inmate's challenge to the circumstances of his confinement" must be brought through a civil rights action); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for

1   relief turning on circumstances of confinement may be presented in a § 1983

2   action.") (cit. om.).  A civil rights action is the "proper remedy" for a prisoner "who

3   is making a constitutional challenge to the conditions of his prison life, but not to the

4   fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see*

5   *also Ramirez v. Galaza*, 344 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is

6   lacking, and a civil rights action instead is appropriate, "where a successful

7   challenge to a prison condition will not necessarily shorten the prisoner's

8   sentence").   "[C]onstitutional claims that merely challenge the conditions of a

9   prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall

10   outside of that core [of habeas relief]" and, instead, should be brought as a civil

11   rights claim "in the first instance."  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

12         Petitioner plainly is aware of the above given many of the Petition's

13   allegations and his ill-disguised attempts to bring himself within Section 2241's

14   jurisdictional framework by insisting that he is challenging the "fact of

15   confinement."  That assertion, however, is unavailing, because Petitioner's

16   allegations indisputably challenge the *conditions* of his confinement.  Through his

17   allegations, Petitioner effectively seeks to pursue a *Bivens* civil rights claim[2] based

18   on the BOP's asserted failure to provide adequate social distancing measures,

19   adequate testing, its adherence to a herd immunity policy, and its failure to adhere to

20   mask and vaccine mandates and CDC guidelines, thereby allegedly subjecting

21   Petitioner and other inmates to an undue risk from Covid.  Indeed, the Petition states

22   a classic conditions-of-confinement claim that does not implicate the fact or

23   duration of Petitioner's confinement.

24

25

26

27   [2]   *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S.
388 (1971), which applies when civil rights-type claims based on asserted deprivations of

28   constitutional rights are asserted against federal officials.

1    The Court recognizes that since the commencement of the Covid pandemic,

2    numerous prisoners have attempted to obtain habeas-based release from

3    incarceration based in the pandemic.  Despite these numerous lawsuits, whether

4    prisoner actions asserting violations of constitutional rights based on the Covid

5    pandemic properly may sound in habeas is not a settled issue at the appellate level.

6    When the Ninth Circuit last was presented with the question of whether habeas

7    review is available for claims that Covid conditions at a penal institutional give rise

8    to unconstitutional conditions of confinement, it declined to resolve the issue.  *See*

9    *Roman v. Wolf*, 977 F.3d 935, 941-42 (9th Cir. 2020) (per curiam).  In the absence

10   of Circuit precedent, numerous district courts within the Ninth Circuit have

11   concluded that such a claim is not cognizable in habeas review notwithstanding that

12   the remedy sought is release.

13   In *Alvarez v. Larose*, 445 F. Supp. 3d 861, 866 (S.D. Cal. 2020), federal

14   criminal detainees and convicted defendants sought Section 2241 habeas relief

15   based on the alleged failure to implement adequate measures to protect them with

16   respect to Covid.  The Court specifically rejected the petitioners' argument that

17   because they sought release—a remedy traditionally provided in habeas—they were

18   entitled to proceed in habeas review, reasoning that this argument improperly

19   conflated the nature of the relief sought with the substance of the claim, which was

20   to assert that conditions of confinement were unconstitutional and thus should be

21   raised in civil rights rather than habeas. *Id.*  Similarly, in *Jackson v. City of Twin*

22   *Falls*, No. 1:21-cv-00013-BLW, 2021 WL 982307, at *3-*4 (D. Id. Mar. 16, 2021),

23   the Court found that a state inmate's Covid-based claim should have been brought in

24   civil rights rather than habeas.  The Court observed that:  "[m]erely alleging that no

25   conditions of confinement could possibly satisfy the Eighth Amendment—an

26   allegation which every inmate could throw into any habeas corpus petition—does

27   not magically transform the nature of a conditions-of-confinement claim"; and

28

7

"[r]equesting release as the remedy for unconstitutional prison conditions does not render the substantive conditions-of-confinement claim a challenge to the fact of an inmate's confinement." *Id.*

In this District, in *Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1047-49 (C.D. Cal. 2020), the Court reviewed the existing caselaw and concluded that inmate claims premised on the asserted dangers and risks posed by Covid are not cognizable as habeas claims. The Court concluded that federal habeas jurisdiction does not exist for a claim that release is required due to the institutional conditions caused by the Covid pandemic, because this claim is not an attack on the validity of the prisoner's confinement or the particulars affecting its duration, the factors needed for habeas jurisdiction to exist. With one exception noted below, Courts in this District consistently have drawn the same conclusion and dismissed habeas actions seeking release based on claims that an inmate's confinement during the Covid pandemic violated his Fifth and/or Eighth Amendment rights, finding that the claims should be raised by way of a civil rights action and cannot be raised through a Section 2241 petition. *See, e.g.*, *Miller v. Ponce*, No. CV 21-06985-MCS (DFM), 2022 WL 943056, at *2 (C.D. Cal. Feb. 8, 2022), *accepted by* 2022 WL 910948 (Mar. 28, 2022) (agreeing with earlier cases finding that habeas relief is not available for claims such as that brought here by Petitioner); *Camillo-Amisano v. Ponce*, No. 2:21-cv-00072-ODW (JDE), 2021 WL 3377237, at *4-*5 (C.D. Cal. June 22, 2021), *accepted by* 2021 WL 3371537 (Aug. 3, 2021) (collecting Central District cases and finding that habeas jurisdiction is unavailable); *Bruno v. Warden*, No. CV 20-6390 JFW (PVC), 2021 WL 2323941, at *6 (C.D. Cal. May 14, 2021), *accepted by* 2021 WL 2313657 (C.D. Cal. June 7, 2021) (concluding that "claims by federal prisoners seeking release from confinement based on conditions caused by the COVID-19 pandemic must be brought through a *Bivens* action"); and *Tims v. Von Blanckensee*, No. CV 20-7986-ODW (JEM), 2021 WL 769692, at *2 (C.D.

Cal. Jan. 26, 2021), *accepted by* 2021 WL 765417 (Feb. 26, 2021) ("to the extent Petitioner argues that his continued incarceration violates his Fifth and Eighth Amendment rights and seeks a sentence of time served due to the conditions of confinement implemented during the COVID-19 pandemic . . ., his 'request for relief exceeds the Court's jurisdiction under Section 2241' and must be dismissed") (citation omitted).[3]

On the other hand, some District Courts have found that these types of Covid-19 conditions of confinement claims are cognizable on habeas review.  *See, e.g.*, *Torres v. Milusnic*, 472 F. Supp. 3d 713, 724-26 (C.D. Cal. 2020) (finding Section 2241 jurisdiction to exist when the petitioners' claims sought relief from Covid-related conditions at their institution by challenging the "'fact and duration of confinement on the basis that no set of conditions of confinement under the present circumstances could be constitutional'"; reasoning that such a claim challenges the "fact of confinement" for habeas purposes); *Bent v. Barr*, No. 19-cv-6123-DMR, 2020 WL 3640009, at *2 (N.D. Cal. July 6, 2020) (granting a preliminary injunction and finding that habeas jurisdiction existed over claim that challenged the validity of confinement in light of the Covid pandemic).

As Petitioner notes, in *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1862-63 (2017), the Supreme Court appeared to leave open the possibility that federal detainees seeking class action injunctive relief might be able to raise a conditions-of-confinement claim under Section 2241, stating, "we have left open the question whether [federal detainees] might be able to challenge their confinement conditions via a petition for a writ of habeas corpus."  That mere possibility, however, does not open the door

---

[3]      *See also, e.g.*, *Lustig v. Warden, FCI Lompoc*, No. CV 20-3708-SB (AGR), 2021 WL 1164493, at *1 (C.D. Cal. Jan. 4, 2021), *accepted by* 2021 WL 1164474 (Mar. 26, 2021); *Macias v. Bradley*, No. 20-7114-RGK, 2020 WL 6681250, at *3 (C.D. Cal. Nov. 10, 2020); *Jackson v. Von Blanckensee*, No. CV 20-4161 PA, 2020 WL 4905527, at *1 (C.D. Cal. Aug. 19, 2020); *Sweeney v. Herrera*, No. CV 20-0427-CJC, 2020 WL 4980062, at *2 (C.D. Cal. June 8, 2020).

here to habeas relief for Petitioner's Covid-related allegations.  As one District Court explained, even if, *arguendo*, it might be possible for a federal prisoner to raise a conditions-of-confinement claim under Section 2241 as the Supreme Court may have suggested in *Abbasi*, the remedy is a narrow one that would not apply to the Covid pandemic situation:

> Certainly, Petitioners' Eighth Amendment claims [seeking release from federal custody because of the conditions created by the Covid pandemic] sound more in the nature of the type of habeas claim the Supreme Court in *Preiser* hypothesized, but has yet to recognize: "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal."  The Supreme Court resurrected this idea more recently in *Abbasi*.  Yet, although the petitioners in *Abbasi* alleged they were held in tiny, empty, constantly lighted cells for over 23 hours per day without basic hygiene, and subjected to physical abuse, including broken bones, and verbal abuse, including sexual and religious insults, the Supreme Court did not find it was such a case for habeas relief "to remove the restraints making the custody illegal." *Abbasi*, 137 S. Ct. at 1853.  The Court's decision is telling of just how extraordinary the case must be for habeas jurisdiction to lie before a prisoner may be released from lawful custody based on a condition of confinement.

*Wragg v. Ortiz*, 462 F. Supp. 3d 476, 504 (D. N.J. 2020) (declining to find a Section 2241 habeas case based on the Covid pandemic "to be that 'extraordinary case' where it should expand habeas jurisdiction, more extraordinary than even *Abbasi*, where the Supreme Court did not see fit to extend habeas jurisdiction over a

1   conditions of confinement claim involving outright alleged physical abuse of

2   prisoners who were not serving a sentence upon conviction of a crime").

3         This issue remains to be resolved at the Circuit Court or Supreme Court level.

4   Until then, this Court joins with the vast weight of authority in this District finding

5   that claims by federal prisoners seeking release from confinement based on

6   conditions caused by the Covid pandemic may not be raised through a Section 2241

7   habeas action.  Petitioner's conclusory allegation that there are no conditions of

8   confinement that could prevent constitutional violation does not alter the Court's

9   conclusion.  There is nothing alleged in the Petition to support a finding that

10  immediate release from an existing, valid conviction and sentence imposed by

11  another federal court is the only relief appropriate here and that only habeas review

12  will suffice.  *See Camillo-Amisano*, 2021 WL 3377237, at *5.  There very well may

13  be relief that could be fashioned short of release, but in any event, any such possible

14  relief would be more appropriately considered in a civil rights case.  Petitioner's

15  contention that FCI-Terminal Island officials are not taking adequate preventative

16  measures to reduce the risk of Covid, if eventually factually supported (which it is

17  not here), can be addressed and remedied in a civil rights action through which

18  various types of relief may be ordered, unlike in a habeas action.  *See Douglas v.*

19  *Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) ("The power of a federal habeas court

20  'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has

21  the power to release' a prisoner, but 'has no other power.'") (citations omitted).

22  While Petitioner asserts constitutional violations arise from his conditions of

23  confinement during the Covid pandemic, he provides "no authority under which

24  such a violation would justify immediate release, as opposed to injunctive relief that

25  would leave [Petitioner] detained while ameliorating any alleged violative

26  conditions within the [prison]."  *Dawson v. Asher*, 447 F. Supp. 3d 1047, 1050-51

27  (W.D. Wash. 2020); *see also Martinez Franco v. Jennings*, 456 F. Supp. 3d 1193,

28

11

1200 (N.D. Cal. 2020) (with respect to immigration detainee's contention that the lack of social distancing during the Covid pandemic violates the Constitution and he therefore should be released from custody, finding that the appropriate remedy is an injunction ordering social distancing, "not releasing detainees who request a [temporary restraining order] on a first-come, first-serve basis").

Finally, there is an obvious circumstance that precludes finding persuasive Petitioner's argument that only immediate release from incarceration to be granted by way of habeas relief will suffice. Petitioner has another obvious remedy that not only is available but has been exercised, namely, his motion for compassionate release pending in the Sentencing Court. Petitioner raises therein the same asserted basis for release that he asserts here, namely, the asserted risk he faces due to the Covid pandemic. Petitioner has had counsel appointed to represent him in connection with that motion and the Sentencing Court is the more appropriate venue for deciding whether release is warranted and, in particular, the specific conditions of release that should apply to Petitioner.

Accordingly, the Court finds that the matters alleged through the Petition may not be considered on Section 2241 habeas review. The Court may construe a flawed habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Doing so would be improper here, however, given that: (1) the Petition was not accompanied by the $350 filing fee or a request to proceed without prepayment of the full filing fee; (2) the Petition was not accompanied by an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b)[4]; and (3) there is no reason to believe that

---

[4]     Petitioner is a prisoner, and thus, 28 U.S.C. § 1915(b) requires him to pay "the full amount of a filing fee," although he may do so through and initial partial payment and monthly payments thereafter rather than prepaying the entire amount.

1   Petitioner has exhausted his administrative remedies for his claim, a prerequisite to

2   filing a *Bivens* civil rights action.[5]

3         In addition, if the Petition were converted to a *Bivens* complaint, Petitioner

4   would be obligated to pay the $350 filing fee for a civil action, either in full up front

5   or through withdrawals from his prison trust account in accordance with the

6   availability of funds. *See* 28 U.S.C. § 1915(b). The dismissal of this action at the

7   pleading stage or otherwise would not end Petitioner's obligation to pay that $350

8   filing fee. Further, the Court would be obligated to screen the converted Petition

9   pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995.

10  *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). If the converted Petition

11  ultimately were dismissed for failure to state a claim upon which relief may be

12  granted, that dismissal could count as a "strike" against Petitioner for purposes of 28

13  U.S.C. § 1915(g). Whether or not Petitioner wishes to risk that possibility, as well

14  as incur the full filing fee, are decisions he should make, not have decided for him.

15        Thus, the Court believes it is appropriate to dismiss the Petition without

16  prejudice. Petitioner then may determine whether or not he wishes to raise the

17  subject-matter of the Petition through a *Bivens* claim pleaded in a properly-

18  submitted civil complaint. In making that decision, Petitioner must take into

19  account the administrative exhaustion requirement and remember that he must either

20  submit the $350 filing fee with his complaint or submit the necessary 28 U.S.C.

21  § 1915 documents and pay the $350 filing fee over time if granted leave to do so.

22        Accordingly, for the foregoing reasons, it is hereby ORDERED as follows:

23      1.      The Petition is **DISMISSED without prejudice**.

24

25    [5]    42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison

26  conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

27  jail, prison, or other correctional facility until such administrative remedies as are available are
    exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and

28  offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

1       2.      Judgment shall be entered **DISMISSING** this action **without**

2 **prejudice**.

3     **IT IS SO ORDERED.**

4

5 DATED:   April 25, 2022

6                                          JOHN W. HOLCOMB

7                                          UNITED STATES DISTRICT JUDGE

8 PRESENTED BY:

9

10 GAIL J. STANDISH

11 UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14